HENRY HITCHCOCK, ADMINISTRATOR, Respondent, v. WILLIAM A. CLENDENNIN, ADMINISTRATOR, Appellant.

May 28, 1878.

1. The use of a chattel may pass without the chattel itself permanently passing, and a bequest over of a chattel is good.

2. Where money bequeathed for life is not kept separate in any way, one entitled by will to the money after the death of the tenant for life may recover the sum bequeathed, with interest from the date of such death, in the form of a general money-demand against the estate of him to whom the bequest was made for life.

APPEAL from St. Louis Circuit Court.
*Affirmed*.
E. B. SHERZER, for appellant.
HITCHCOCK, LUBKE & PLAYER, for respondent.

HAYDEN, J., delivered the opinion of the court.

The question arises upon an account originally presented in the St. Louis Probate Court for allowance against the estate of Anna M. Peters. She was the widow of Ralph Peters, a resident here, whose will was admitted to probate in 1853. The material part of the will is as follows: "As to my individual property other than that acquired in right of my wife, in case of my death without leaving any child or children surviving, and no child of mine be born to my wife after my death, then I give, devise, and bequeath all my individual property to my wife, to be held and enjoyed by her for and during her natural life, and at her death it is my will that my said property go to and descend to my

two sisters, Eleanor M. Peters and Ann M. Peters, and my brother, William G. Peters, to be equally divided among the three, share and share alike." Under this provision, in December, 1860, upon final settlement, the executor of Ralph Peters paid over to his widow, the appellant's intestate, the sum of $23,709.76, money derived from individual property of Ralph Peters other than that acquired in right of his wife. This she received and held during her life. Upon her receipt of it, she made a written contract with William G. Peters, named in the will, who is the respondent's intestate, and with the sisters named in the will, in which contract, after a recital of the provision quoted, and a reference to the receipt of the money as money paid by order of the court under that clause of the will, she agreed that she would invest the money in real-estate notes by which the principal should be payable to her as legatee for life under the will, and at her death to the residuary legatees under the will. Ralph Peters left no child surviving, and none was born to his widow. Among the property left by Mrs. Peters, no notes secured by real estate were found. It does not appear that any creditors presented demands against her estate. The present demand is for one-third of the property received under the provision quoted, with interest from the time of the death of Mrs. Peters. In the Probate and Circuit Courts the respondent had judgment.

The appellant contends that under the will Mrs. Peters took the entire interest in the property paid to her; that a bequest of personal property, including money, for life, with remainder over, vests the whole estate in the first legatee. But supposing it to be true that, properly speaking, the term "remainder" is not applicable, and that a man cannot be said to have an "estate" in a personal chattel, which is what the argument means, it does not follow that the use of a permanent chattel may not be given to one for a time, and the chattel after that time given to another. As money

may be put out at interest, and many personal chattels used without being destroyed, it would be absurd for the law to refuse to recognize the value of the use. The subject has probably been more embarrassed than explained by following the analogies and applying the terms of English real-estate law to a different kind of property. In an early case, Lord Somers, then the lord keeper, considered that the real question was as to the intent of the testator, and, following the civil and canon laws, held that the use of the thing might pass without the thing itself permanently passing, and that the bequest over was good. *Hyde* v. *Parrat*, 1 P. Wms. 1; 1 P. Wms. 500, 651. It is well settled that this is so; and the residuary bequest need not be called a remainder, except for convenience of language. *Griggs* v. *Dodge*, 2 Day, 28; *Westcott* v. *Cady*, 5 Johns. Ch. 334; *Swearingen* v. *Taylor*, 14 Mo. 391; 2 Kent's Comm. 352*.

In the case at bar, the legatee for life did not invest the money in securities, or otherwise keep it separately, and owing to her conduct the respondent's claim necessarily took the form of a general money-demand against her estate. The share of the respondent was one-third of the amount, and this he became entitled to enjoy upon the death of the life-tenant. As she had only the use of the fund, the respondent was properly allowed interest from the time of her death. The fact that she improperly mingled the money with her own cannot put her in a better position than she would have been had she, as was her duty under the will, kept it in a separate fund. If she had invested it in securities, these securities would at her death have at once passed to the respondent and the other legatees, and accruing interest have been theirs. The appellant has not preserved facts from which it can be made apparent that the court below erred as to interest.

There was no error in admitting the contract signed by Mrs. Peters, as it was offered and admitted to prove that she

received the sum of money as legatee for life under her husband's will.

The judgment will be affirmed, with the concurrence of all the judges.